101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Howard AYERS, Plaintiff-Appellant,
v.
Sergeant Paul STEWART and Captain David Stark, Defendants-Appellees.
 No. 96-2013.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 Howard Ayers, pro se, Attica, NY, for appellant.
 Troy Oechsner, Assistant Attorney General, of counsel, of the State of New York, for appellees.
 W.D.N.Y.
 AFFIRMED.
 Before OAKES, ALTIMARI, and WALKER, Jr., Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York (Telesca, Judge ), and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 3
 Plaintiff-appellant Howard Ayers, who is proceeding pro se and in forma pauperis, appeals from a November 29, 1995 judgment of the district court granting summary judgment to the defendants pursuant to Fed.R.Civ.P. 56(c).
 
 
 4
 On November 22, 1993, Ayers filed a pro se complaint, pursuant to 42 U.S.C. § 1983, against Sergeant Paul Stewart and Captain David Stark of Elmira Correctional Facility, alleging that (1) Stewart filed a false administrative segregation recommendation against Ayers in retaliation for Ayers having filed a prison grievance against Stewart; (2) Stark violated Ayers's procedural due process rights while acting as a hearing officer for the administrative hearing, which resulted in Ayers being placed in administrative confinement; and (3) Stewart violated Ayers's due process rights by confiscating papers from Ayers's cell.
 
 
 5
 We review the district court's grant of summary judgment de novo to determine whether a genuine issue of material fact exists. Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). We draw all inferences in the light most favorable to the nonmoving party. Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir.1994). Reviewing a claim of retaliation by an inmate, however, mandates skepticism and particular care, because of the ease with which such a claim can be fabricated. Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir.1995).
 
 
 6
 Ayers' allegation that a meeting had transpired among the defendants, during which they allegedly agreed to confine Ayers, is conclusory and is totally unsupported by the record. As such, it cannot defeat summary judgment. See Finnegan v. Board of Educ., 30 F.3d 273, 274 (2d Cir.1994) (conclusory allegations insufficient to survive summary judgment motion on retaliation claim). Given the weakness of his retaliation claim, Ayers' reliance on circumstantial evidence of retaliation--namely, the proximity of the disciplinary action to his complaint where no misbehavior reports were previously filed against him--does not suffice to defeat summary judgment. See Colon, 58 F.3d at 873 ("If ... circumstantial evidence represented the sum total of [plaintiff's] proof, we might be inclined to affirm the grant of summary judgment based on the weakness of [plaintiff's] case."); see also Flaherty v. Coughlin, 713 F.2d 10, 13-14 (2d Cir.1983).
 
 
 7
 Although we have been reluctant to affirm summary judgment in cases where the party opposing the motion was not allowed to conduct discovery, see, e.g., Flaherty, 713 F.2d at 13, Ayers was given ample opportunity. Ayers conducted discovery and received five separate answers to interrogatories from Stewart. Despite his use of discovery mechanisms, Ayers is unable to ascertain information that would substantiate his claims. Although Ayers has attached two new affidavits to his brief on appeal to substantiate his claim that Stewart tried to coerce inmates to testify against him in the administrative segregation hearing, this evidence was not before the district court and we therefore do not consider it. Consequently, the district court properly granted the defendants' motion for summary judgment.
 
 
 8
 Finally, the district court properly concluded that Ayers failed to establish the necessity of further discovery pursuant to Fed.R.Civ.P. 56(f). In order to oppose a motion on the basis of Rule 56(b), the plaintiff must file an affidavit detailing: (1) what facts are sought and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why these efforts were unsuccessful. Ayers's general assertion that he needed more discovery does not meet these requirements, for Ayers fails to state what additional information he needs or how it will create a genuine issue of material fact.
 
 
 9
 We have considered the plaintiff's remaining contentions and affirm substantially for the reasons stated by the district court. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.